ORIGINAL

Jerrald D. Conder (#709)
8 East Broadway, Suite 500
Salt Lake City, Utah 84111
Telephone: 801-359-5534
Fax: 801-746-5613

FILED
U.S. DISTRICT COURT

2006 JUL 31  P 1: 37

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT, CENTRAL DIVISION,

## DISTRICT OF UTAH

| | |
|---|---|
| JIM AND DEBRA EVANS, and JIM and DEBRA EVANS, as Guardian Ad Litem for, Justin Evans a Minor, <br><br> Plaintiffs, <br> vs. <br> TAYLORSVILLE CITY, a body politic, LARRY MARX Taylorsville City Chief of Police, Taylorsville police officer CASEY DAVIES, ANDREA DIRKER, ANTONIA LENNING and DAVID LENNING <br><br> Defendants | COMPLAINT <br> JURY TRIAL DEMANDED <br><br> Judge Ted Stewart <br> DECK TYPE: Civil <br> DATE STAMP: 07/31/2006 @ 13:39:05 <br> CASE NUMBER: 2:06CV00631 TS |

Plaintiffs complain and allege against defendant as follows:

1. Plaintiffs are residents of Salt Lake County, State of Utah.

2. Defendant Taylorsville City is a political subdivision and is organized under the laws of the State of Utah.

3. Defendant Larry Marx is a resident of Salt Lake County, State of Utah and was at the time of this incident the Chief of Police of Taylorsville City.

4. Defendant Casey Davies is a resident of Salt Lake County, State of Utah and was at all relevant times alleged herein a Detective employed by the Taylorsville City Police Department and previously employed part time providing security at Mountain View Park Condominiums.

5. Defendant Andrea Dirker is a resident of Salt Lake County, State of Utah.

-1-

-2-

6. Defendants David and/or Antonia Lenning are residents of Salt Lake County, State of Utah and are the former manager or managers and board members of the Mountain View Park Condominiums located at 4502 Atherton Drive in Taylorsville, Utah.

7. Defendant Andrea Dirker is the daughter of Antonia Lenning and the step-daughter of David Lenning; she is a resident of Salt Lake County, State of Utah and a sworn law enforcement officer employed by the Midvale City Police Department.

8. All facts which give rise to this cause of action occurred in Salt Lake County, State of Utah.

9. Plaintiffs are the owners of a male Boston terrier dog, born in April of 1996, hereinafter referred to as "Oscar."

10. Plaintiffs purchased "Oscar" for the sum of $100 when they were residing in Florida.

11. In the spring of 2004 plaintiffs placed "Oscar" under the care and control of their friend, Chris Eyring, until they could establish a residence in the State of Utah.

12. At the time plaintiff's placed "Oscar" with Mr. Eyring he was residing in his residence, in Murray, Utah with defendant Andrea Dirker.

13. On September 23, 2005 defendant Andrea Dirker moved from the Eyring residence to 5694 Canal Street, Taylorsville, Utah and without the permission or consent of Mr. Eyring, or plaintiffs took "Oscar" and has since refused to return "Oscar," to plaintiffs, claiming to be his owner.

14. On October 19, 2005, upon learning that "Oscar" had been taken by defendant, plaintiff Jim Evans filed a stolen property report with the Murray City Police Department, advising them that defendant had stolen "Oscar."

15. Following the report by Jim Evans to the Murray City Police Department he went to the Taylorsville City Police Department, filed a report and requested the assistance of the Taylorsville City Police Department to aide him to peaceably obtain possession of "Oscar

16. An officer from the Taylorsville City Police Department accompanied Mr. Evans to the Defendant's Lenning and Dirker residence at 5694 South Canal Street, Taylorsville, Utah where Defendant Andréa Dirker resides.

17. Defendant Andrea Dirker, who is a Midvale City police officer, refused to return "Oscar" and the Taylorsville police officer advised Jim Evans that this was a "Civil matter that would have to be handled in the civil courts and that the Taylorsville Police Department would take no further action."

18. On May 11, 2006 plaintiff Jim Evans, accompanied by his son, gained possession of "Oscar" when "Oscar" came running to them as they walked down the street in front of defendants' Lenning and Dirker residence.

19. At the time "Oscar" was recovered by Jim Evans, "Oscar" was unleashed and in the presence of Antonia Lenning who yelled to Jim Evans and his son, as "Oscar" ran barking to them, "don't worry he is friendly and won't bite."

20. After plaintiffs recovered possession of "Oscar" defendant Lenning filed a stolen property report with the Taylorsville City Police Department claiming ownership of "Oscar."

21. Plaintiffs were subsequently contacted by Detective Casey Davies of the Taylorsville Police Department who demanded that "Oscar" be immediately returned to defendant Andrea Dirker.

22. Plaintiff Jim Evans advised Detective Davies that they were the owners of "Oscar," that he had previously filed a stolen property report with Murray and Taylorsville City Police Departments, additionally Jim Evans advised Detective Davies that "Oscar" had an implanted computer chip that would establish the Evans's claim of ownership and further advised Defendant Davies to contact Chris Eyring who would confirm their ownership of "Oscar."

23. Detective Davies did not review or attempt to confirm any information provided him by Jim Evans and instead prepared an affidavit for the issuance of a Search Warrant at the Evans family home.

24. Detective Davies has a personal relationship with Defendant's David and Antonia Lenning based on the fact that he and his brother, Kip Davies a Murray City police officer, had been employed by them or either of them to provide security at the Mountain View Condominiums.

25. On May 25, 2006 officers of the Taylorsville Police Department executed a search warrant at the Evans residence seeking to recover "Oscar."

26. At the time the search warrant was executed "Oscar" was not at the Evans residence and because Mrs. Evans refused to tell them where "Oscar" was she was arrested by Detective Davies and booked in jail for "Obstruction of Justice."

27. Mrs. Evans after spending several hours at the jail facility was released on her own recognizance and ordered to call the court on June 6, 2006 to obtain a copy of the criminal complaint. As of the date of this complaint criminal charges have not been filed against Debra Evans.

28. Because the Taylorsville Police Department by Defendant Davies threatened to arrest Jim Evans for theft and other offenses including "contributing to the delinquency of a minor", because his son was with him when "Oscar" was recovered, and further threatened to obtain additional search warrants and arrest other family members for concealing and refusing to return "Oscar" to Andrea Dirker, plaintiff Jim Evans reluctantly turned possession of their family pet "Oscar" to Detective Casey Davies who thereafter returned him to Andrea Dirker.

## JURISDICTION AND VENUE

29. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. The Court has jurisdiction over the federal claims in this Complaint pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

31. The Court further has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1343, as the claims are brought to redress the deprivation - under color

of law, statute, ordinance, regulation, custom or usage - of rights, privileges and/or immunities secured by the Constitution pursuant to 42 U.S.C. § 1983.

32. The Court also has jurisdiction over the state law claims of the Complaint pursuant to 28 U.S.C. § 1387, as those claims are so related to the claims of the action within the original jurisdiction of the federal court that they form a part of the same case or controversy.

33. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391

### FIRST CAUSE OF ACTION

(Unlawful Arrest-42 USC 1983
Taylorsville City, Larry Marx and Casey Davies)

34. Plaintiffs incorporate paragraphs 1-34 as though fully set forth herein.

35. Defendant Casey Davies arrested plaintiff Debra Evans without probable cause and for the purposes of aiding a private citizens and fellow police officer, Andrea Dirker, retain possession of "Oscar" when she had no right of ownership to him.

36. Defendants Taylorsville City and Larry Marx failed to properly supervise Casey Davies and those individuals who arrested Debra Evans.

37. Defendants' Taylorsville City, Larry Marx and Casey Davies's acts were done under color of law, statute, ordinance, regulation, custom or usage, and from the authorization and failure to supervise by these Defendants Taylorsville City and Larry Marx, and caused and proximately caused injury to Debra Evans in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the Constitution of the Untied States, including but not limited to the right to be free of unreasonable searches and seizures.

38. Additionally, Defendants Casey Davies acts were done willfully, maliciously, and with reckless disregard of plaintiffs' rights, entitling Mrs. Evans to an award of punitive damages.

**SECOND CAUSE OF ACTION**
(Unlawful Detention and False Imprisonment - 42 U.S.C. § 1983
Taylorsville City, Larry Marx and Casey Davies)

39. Plaintiffs incorporate paragraphs 4-39 as though fully set forth herein.

40. On May 25, 2006 Defendants unlawfully detained and/or falsely imprisoned Debra Evans, at which time the Defendants intended to and did restrict Debra Evans movement by holding her in custody and/or placing her in jail.

41. Defendants Taylorsville City and Larry Marx failed to properly supervise those individuals who detained and/or imprisoned Debra Evans.

42. Defendants' acts were done under color of law, statute, ordinance, regulation, custom or usage, and from the authorization and failure to supervise by these Defendants, and caused and proximately caused injury to Debra Evans in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the Constitution of the Untied States, including but not limited to the right to be free of unreasonable searches and seizures.

43. Additionally, Defendants' acts were done willfully, maliciously, and with reckless disregard of Debra Evans rights, entitling her to an award of punitive damages.

**THIRD CAUSE OF ACTION**
(Intentional infliction of emotional distress-Utah Constitution Art. I Sec. 9
Taylorsville City, Larry Marx and Casey Davies)

44. Plaintiffs incorporate paragraphs 4-44 as thought fully set forth.

45. Defendants' acts against Plaintiffs and each of them were, intentional and designed to aid and provide an advantage to a fellow law enforcement officer.

46. Defendants' acts were reckless and/or with the intent to causing Plaintiffs severe emotional distress.

47. Defendants' acts in supporting another law enforcement officer without attempting to verify plaintiff's claim of ownership of "Oscar" was designed to intimidate and cause extreme emotional distress in the face of plaintiffs being subjected to arrest.

48. Plaintiffs have and each of them continues to suffer direct and proximate injury and severe emotional distress caused by the acts of the Defendants.

49. Defendants' acts occurred while Defendants were acting within the scope of their authority and duty, and in whole or part for the purposes of, the Taylorsville City Police Department and Andrea Dirker, a Midvale police officer.

50. Defendants Taylorsville City and Larry Marx are responsible and vicariously liable for the acts of their employees.

51. Additionally, Defendants' acts were done willfully, maliciously, and with reckless disregard of the Plaintiffs individual rights, entitling each of them to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
(False Arrest - Utah Constitution Art. I Sec. 9)

52. Plaintiffs incorporate Paragraphs 4-52 as though full set forth herein.

53. Defendants unlawfully detained and/or falsely imprisoned Debra Evans on May 25, 2006, without probable cause or legal justification in violation of the Utah Constitution, directly and proximately causing Debra Evans injury.

### FIFTH CAUSE OF ACTION
(Reckless Police Work - Utah Constitution Art. I Sec. 9)

54. Plaintiffs incorporate Paragraphs 1-54 as though fully set forth herein.

55. Defendants recklessly performed their official duties, recklessly investigated whether plaintiffs owned "Oscar" or had committed any crime and recklessly detained and/or arrested Debra Evans, and recklessly held her in custody and jail, all due to their failure to use reasonable care and thereby directly causing plaintiff's injury.

56. Taylorsville City Police Department and Larry Marx recklessly supervised and trained the Defendant officers and their supervisors as alleged herein, proximately causing Debra Evans injury.

### SIXTH CAUSE OF ACTION
(Pendant state claim against all defendants-Abuse of Process)

57. Plaintiffs incorporate Paragraphs 1-57 as though fully set forth.

58. Defendants Dirker, Lennings, and Casey Davies had an ulterior and improper purpose in utilizing the criminal courts, not the purpose intended by law, to obtain possession of "Oscar."

59. Defendant's acts in forwarding their improper purpose included the arrest of Defendant Debra Evans, seeking and obtaining the issuance of a Juvenile

Petition against her son, Justin Evans, and intimidating and threatening Jim Evans with further arrests and search warrants if he did not return "Oscar" to Andrea Dirker.

60. The acts referred to in paragraph 60, immediately above, were willful acts in the use of the criminal process that were not proper in the regular conduct of the proceeding.

### SEVENTH CAUSE OF ACTION
(Pendant state claim David and Antonia Lenning, Andrea Dirker- slander/libel)

61. Plaintiffs incorporate Paragraphs 1-61 as though fully set forth herein.

62. On or about May 11, 2006 defendants David and or Antonia Lenning reported to the Taylorsville Police Department that Plaintiff Jim Evans unlawfully trespassed on their property and took their Boston terrier dog known as "Oscar."

63. The statements made by David and Antonia Lenning were subsequently confirmed and ratified by Andrea Dirker in statements made to Taylorsville Detective Casey Davies.

64. The statements made by David and Antonia Lenning or either of them and Andrea Dirker were untrue, were known by them to be untrue at the time they were made and were made and were made with the intent to gain the assistance of Taylorsville Detective Casey Davies to aide them to recovering possession of "Oscar."

65. The statements made by David and or Antonia Lenning and Andrea Dirker were believed by Defendant Davies to be true and/or were made to provide justification for Detective Davies to seek a Search Warrant and recover possession of "Oscar."

66. Detective Davies, in apparent reliance of the truthfulness of the statements of David and/ or Antonia Lenning and Andrea Dirker requested the issuance of a Search Warrant, resulting in the subsequent arrest of Debra Evans by Casey Davies and the issuance of a Juvenile Court proceeding against the Evans' son, Justin.

67. As a direct result of the false statements made by Defendant Lennings and Dirker plaintiffs are entitled to an award of damages, including attorney fees and exemplary damages.

### EIGHTH CAUSE OF ACTION
(Pendant State Claim Andrea Dirker, Conversion, Writ of Replevin and Request for Immediate Hearing)

68. Plaintiffs incorporate paragraphs 1-64 as though fully set forth herein.

69. Defendant Andrea Dirker, without the permission of either Plaintiffs, or Chris Eyring and without any claim of right took possession of "Oscar" and has refused to return him to plaintiffs.

70. On May 25, 2006 plaintiffs peaceably and lawfully recovered possession of "Oscar."

71. Subsequent to May 11, 2006 Andrea Dirker, in consort with defendants Lennings, devised a plan to regain possession of "Oscar" by use of the police power of Taylorsville Police Department and their relationship with Defendant Davies and other members of the Taylorsville Police Department.

72. On or about May 25, 2006, following threats of additional arrests and search warrants, plaintiff Jim Evans reluctantly deliver "Oscar" to defendant Casey Davies who thereafter delivered "Oscar" to defendants Lennings and Dirker.

73. Pursuant to Rule 64 Federal Rules of Civil Procedure and Rule 64 B Utah Rules of Civil Procedure, Plaintiffs seek the issuance of a Writ of Replevin requiring Defendants Andrea Dirker and or the Lennings to immediately deliver possession of "Oscar" to plaintiffs.

### NINTH CAUSE OF ACTION
(Attorney fees against all defendants)

74. Plaintiffs have incurred reasonable attorney fees and expenses to pursue their causes of action for the depravation of rights guaranteed by the Constitution and the laws of the United States under color of law, and inextricably intertwined in state law claims

75. Plaintiffs are entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. Section 1988.

### **DEMAND FOR RELIEF**

WHEREFORE, plaintiffs pray for relief on all causes of action as follows;

1. First Cause of Action against Defendants Taylorsville City, Taylorsville Chief of Police Larry Marx, and Detective Casey Davies for unlawful arrest; for judgment in the sum of $50,000.00 as damages, $100,000.00 as exemplary damages, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

2. Second Cause of Action against Defendants Taylorsville City, Taylorsville Chief of Police Larry Marx, and Detective Davies for Unlawful Detention and False Imprisonment; for judgment in the sum of $50,000.00 as damages, $100,000.00 as exemplary damages, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

3. Third Cause of Action against all defendants Intention Infliction of Emotional Distress; for judgment in the sum of $25,000.00 as damages, $100,000.00 as exemplary damages, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

4. Fourth Cause of Action against Taylorsville City, Taylorsville Chief of Police Larry Marx, and Casey Davies False Arrest: for judgment in the sum of $50,000.00 as damages, $100,000.00 as exemplary damages, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

5. Fifth Cause of Action against Taylorsville City, Taylorsville Chief of Police Larry Marx and Casey Davies Reckless Police Work; for judgment in the sum of $50,000.00 as damages, $100,000.00 as exemplary damages, reasonable

attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

6. Sixth Cause of Action against all defendants abuse of process; for judgment in the sum of $75,000.00 as damages, $500,000.00 as exemplary damages, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

7. Seventh Cause of Action against Antonia Lenning, David Lenning and Andrea Dirker libel and slander; for judgment in the sum of $25,000.00 as damages, $100,000.00 as exemplary damages, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

8. Eighth Cause of Action against Andrea Dirker Conversion; for judgment in the sum of $25,000.00 as damages, $100,000.00 as exemplary damages, the issuance and grant of a Writ of Replevin requiring the immediate return of "Oscar" to plaintiffs, reasonable attorney fees to be established at trial, together with all costs of court incurred herein and for General Relief.

9. Ninth Cause of Action for an award of Attorney Fees and Costs subject to proof at trial.

10. JURY TRIAL IS DEMANDED

Dated this 30 day of July, 2006

/s/

Jerrald D. Conder (#709)
Attorney at Law

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tim + Debra Evans and
Debra Evans, Guenda A. Luna, dustin

**DEFENDANTS**

FILED
DISTRICT COURT
2006 JUL 31 P 1:41
DISTRICT OF UTAH
BY:
DEPUTY CLERK

(b) County of Residence of First Listed Plaintiff: SL County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerrald D. Conder
8 East Broadway, Suite 500
SLC, UT 84111

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability   **PERSONAL PROPERTY**   ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury   ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations   **Habeas Corpus:**   ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   ☐ 550 Civil Rights   ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1982 - 1988
Brief description of cause: and unlawful arrest detention

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 7-30-06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 07/31/2006 @ 13:39:05
CASE NUMBER: 2:06CV00631  TS